JOHN W. LANCASTER, plaintiff in error, *vs.* J. BROWN MORGAN, administrator, *et al.*, defendants in error.

When a return of partitioners is set aside by the verdict of a jury on objections filed thereto, and a new partition is awarded by order of the court, either party has the right to except to the second return before it is made the judgment of the court, and to have his objection passed upon by a jury.

Partition.      Before Judge BUCHANAN.      Troup Superior Court.      May Term, 1874.

At the May term, 1867, of Troup superior court, application was made by Miles H. Hill and Charles M. Heard, for the writ of partition, for the purpose of dividing certain lands alleged to be held by them and John W. Lancaster, as tenants in common.   Partitioners were appointed, who made a return, to which objections were filed.   At the May term, 1873, the issue thus formed came on for trial, when a verdict was rendered against the return.   A second application of a similar character was immediately made, and partitioners were again appointed.   To their return objections were filed.   The court refused to allow any issue to be formed thereon, and ordered, in the language of section 4002 of the Code, that the second return "be firm, good and conclusive forever" against the parties.   To this ruling Lancaster excepted.

Pending the litigation Hill died, and Morgan, his administrator, was made a party in his place.

C. W. MABRY, for plaintiff in error.

B. H. BIGHAM, for defendants.

TRIPPE, Judge.

The question raised in the record is, what is the proper construction of section 4002 of the Code, when objections have been filed to the return of partitioners, and have been sustained, and a new partition has been awarded, and a return made under the second order.   That section provides: "If no objection be filed by any of the parties to the return of the partitioners, or if, being filed, the jury, on the trial, shall find a verdict against the party setting up such objections, the said return of the partitioners shall be made the judgment of the court, and shall be final and conclusive as to all the parties concerned who were notified of the application for partition.   *   *   But if objections to said return be filed and sustained by the jury trying the case, or if it shall appear to the court that there is injustice or inequality in the division made by the partitioners, said court shall award a new partition to

Lancaster *vs.* Morgan *et al.*

be made in the presence of the parties concerned, (if they will appear,) which second partition, when returned, shall be firm, good and conclusive forever against all parties notified as aforesaid." Does this mean that such second return is not subject to objections by either party, but is absolutely binding upon them, without any right of being heard? We would hesitate long before we could give such a construction to the last clause of this section, for practically, it would be a denial of the right of trial by jury. It is true that there may have been a hearing on the first return before a jury, but their verdict setting it aside, cannot be the ground of denial of a similar trial on a new return. It may be, also, that the first return was set aside by the order of the court without a jury trial, as was done in the case of *McCann vs. Brown*, 43 *Georgia*, 387. In that case it was held by this court that a hearing should be allowed on the objections to a second return. It was ruled by the judge of the superior court that the parties could not be heard on such objections, but the judgment was reversed in this court, and it probably is sufficient to say that this case comes within that decision, though it does not appear that the point was distinctly made. The act of March 26th, 1767, Cobb's Digest, 581, from which the section of the Code quoted was taken with slight variations, provided in reference to a second return as follows: "Which said second partition, returned and filed, shall be good and firm forever against all persons, whatsoever," etc. Our opinion is that in such a case the proper and only fair and reasonable construction of those words in the Code is, that they mean that when the second partition is returned and receives the sanction of the court by a proper order in the premises, it shall be firm, etc., and that before such order can be granted, either party has a right to except to the return, and upon proper objections being filed, to have his case passed upon in the way guaranteed to him by the constitution.

Judgment reversed.